Rillet *v.* Carlier.

[WESTCHESTER SPECIAL TERM, June 19, 1871.. *Tappen*, Justice.]

---

## RILLET *vs.* CARLIER.

Where one has adopted a word from the French language, to designate an article which he is engaged in manufacturing and selling, by that name, he acquires, by such adoption, a property in the use of the word as applied to the article he has made and introduced into the market, although the article was previously sold in France by the same name; and an injunction will lie to restrain the use of the name by another manufacturer.

THE plaintiff was engaged in the business of manufacturing, from the juice of the pomegranate, a syrup, which he named "Grenadine" and "Grenade Syrup," and sold, under those names. Subsequently, the defendant commenced making a syrup, which he sold under the name of "Grenade Syrup." The plaintiff obtained an injunction order, restraining the sale of any article under the name which he had thus previously appropriated. The defendant, alleging that "Grenade" was a French word, signifying pomegranate, and that "Grenade Syrup" was sold in France, by that name; and denying that the plaintiff could acquire an exclusive right to use a foreign name by being the first to introduce it into this country, moved to vacate the injunction order.

· *Coudert Brothers*, for the motion.

*L. A. Fuller*, opposed.

---

Rillet *v.* Carlier.

---

PRATT, J. It is clear, from the following recent decisions, that this injunction ought not to be dissolved. (*Messerole* v. *Tynberg*, 4 *Abb.*, *N. S.*, 410; *Matsell* v. *Flanagan*, 2 *id.* 459; *Newman* v. *Alvord*, 49 *Barb.* 588.) The plaintiff adopted the words "Grenade Syrup" many months before the defendant claims to have used them. It is undisputed that he has spent a large amount of money in establishing a business in selling the article known by that name. The plaintiff has acquired, by such adoption, a property in the use of those words, as applied to a syrup he has made and introduced into the market. The defendant can have no possible motive in using these words, except to avail himself of the reputation the plaintiff's article has gained under this name. The fact that the defendant uses other words in connection with the words "Grenade Syrup" does not give him the right to use the words "Grenade Syrup." (*Newman* v. *Alvord*, 49 *Barb.* 588.) The name used by the defendant is well calculated to deceive the public, and I cannot perceive of what value they can be to the defendant for any other purpose.

Motion to dissolve injunction denied, with $10 costs.

[KINGS SPECIAL TERM, June 6, 1870. *Pratt*, Justice.]